JOHN B. SULLIVAN (State Bar No. 96742)
REGINA J. MCCLENDON (State Bar No. 184669)
rjm@severson.com
ERIK KEMP (State Bar No. 246196)
ek@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
EMC MORTGAGE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE DONG JUN, AKIHITO TAKAMURA, and LEO TAKAMURA,<br><br>Plaintiffs,<br><br>vs.<br><br>EMC MORTGAGE COMPANY, and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL (DIVERSITY JURISDICTION)** |

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA,

PLAINTIFFS JAE DONG JUN, AKIHITO TAKAMURA, AND LEO TAKAMURA,

AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant EMC Mortgage Corporation ("EMC," incorrectly sued herein as EMC Mortgage Company) hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of San Mateo, to the United States District Court, Northern District of California. EMC alleges that it is entitled to removal pursuant to 28 U.S.C. § 1332, based upon diversity jurisdiction, as follows:

1.    EMC is the named defendant in the civil action filed on or about October 25, 2007 by plaintiffs Jae Dong Jun, Akihito Takamura, and Leo Takamura ("plaintiffs") in the Superior Court of the State of California, in and for the County of San Mateo, Case No. CIV467182, entitled *Jae Dong Jun, Akihito Takamura, and Leo Takamura, plaintiffs, vs. EMC Mortgage Company, and Does 1-10, inclusive, defendants* (the "State Court Action"). Plaintiffs assert a claim in the State Court Action against EMC for breach of contract.

2.    On November 17, 2007, plaintiffs served EMC with copies of the Summons, Complaint, Notice of Case Management Conference, and Appropriate Dispute Resolution Information Sheet. True and Correct copies of these documents are attached hereto as Exhibit A.

3.    EMC has not yet filed an Answer to plaintiffs' Complaint in the State Court Action. Accordingly, the Summons, Complaint, Notice of Case Management Conference, and Appropriate Dispute Resolution Information Sheet attached to EMC's notice of removal constitute all process, pleadings and orders served in the State Court Action.

4.    *Diversity Jurisdiction.* EMC is entitled to remove the State Court Action on the ground that this Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332, and it is an action that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and involves an amount in controversy which exceeds the sum or value of $75,000, exclusive of costs and interest.

5.    *Amount in Controversy.* In their Complaint, plaintiffs seek general and special damages resulting from EMC's foreclosure on their real property, which they allege breached a forbearance agreement. Plaintiffs allege that they executed a promissory note in the amount of $370,000, which was secured by a deed of trust on the property. It is thus facially apparent that the property which EMC foreclosed upon was worth approximately $370,000. Plaintiffs also seek an award of attorneys' fees and costs, and any other relief that the Court deems just and proper. Although plaintiffs, in compliance with California law, do not allege a specific dollar amount of alleged damages, they clearly seek damages in excess of $75,000.

6. *Plaintiffs' Citizenship.* EMC is informed, believes, and thereon alleges that plaintiffs are, and, at the time they filed their Complaint, were, citizens of the State of California, as alleged in their Complaint.

7. *EMC's Citizenship.* EMC is not, and, at the time plaintiffs filed their Complaint, was not, a citizen of the State of California, but of the State of Delaware, where EMC was and is incorporated, and the State of Texas, where EMC has and had its principal place of business.

    a. EMC is a corporation incorporated in the State of Delaware.

    b. EMC's principal place of business is located in the State of Texas.

    c. EMC has no offices located in the State of California.

    d. EMC's corporate headquarters are located in Lewisville, Texas. All of its executive and administrative functions are performed there. None of EMC's employees are employed in California. EMC is not a citizen of the State of California.

8. *Intradistrict Assignment.* Pursuant to Civil Local Rule 3-2(c), assignment to the San Francisco Division or Oakland Division of the Northern District of California is proper because this is alleged to be a civil action arising in the county of San Mateo.

WHEREFORE, EMC prays that the State Court Action be removed from state court to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

DATED: December 12, 2007

SEVERSON & WERSON
A Professional Corporation

By: /s/ Erik Kemp
Erik Kemp

Attorneys for Defendant
EMC MORTGAGE CORPORATION, sued incorrectly herein as EMC Mortgage Company

# EXHIBIT A

10/24/2007 15:21    5102729158    VOISENAT LAW OFFICE    11/14/07    ⓐ B-157    PAGE 04/08

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
EMC Mortgage Company

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Jac Dong Jun, Akihito Takamura, Leo Takamura

SUM-100

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**ENDORSED FILED**
**SAN MATEO COUNTY**

OCT 2 5 2007

Clerk of the Superior Court
By R. Montgomery
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court, County of San Mateo
400 County Center
San Mateo, Ca. 94063-1655

CASE NUMBER: **CIV467182**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Marc Voisenat
1330 Broadway, Suite 1035, Oakland, Ca. 94612    (510) 272-9710

DATE: **OCT 2 5 2007**    JOHN C. FITTON Clerk, by **R. MONTGOMERY**, Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

11032569.tif - 10/24/2007 3:20:23 PM

11619626.tif - 11/13/2007 3:57:20 PM

**CT CORPORATION**
A WoltersKluwer Company

LEGAL

07 NOV 16 PM 3: 13

**Service of Process Transmittal**
11/15/2007
CT Log Number 512793494

**TO:** Rick Russell, Senior Vice President
EMC Mortgage Corporation
800 E. State Hwy 121 Bypass
Lewisville, TX 75067

**RE:** **Process Served in California**

**FOR:** EMC Mortgage Corporation (Domestic State: DE)

G305137/F

ATS

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jae Dong Jun, et al., Pltfs. vs. EMC Mortgage Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice of Case Management Conference, Case Management Statement, Information Sheet |
| **COURT/AGENCY:** | San Mateo County Superior Court, CA<br>Case # CIV467182 |
| **NATURE OF ACTION:** | Breach of Contract - Defendant foreclosed on the property referenced in a manner inconsistent with the terms of the Contract |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/14/2007 at 15:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // March 5, 2008 at 9:00 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Marc Voisenat<br>1330 Broadway, Suite 1035<br>Oakland, CA 94612<br>510 272 9710 |
| **REMARKS:** | Even though document lists EMC Mortgage Company, there is only one entity listed on the Secretary of State and CT has received the papers for that entity. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 798310284808 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / TW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1  Marc Voisenat (CSB# 170935)
   1330 Broadway, Suite 1035
2  Oakland, Ca. 94612
   Tel: (510) 272-9710
3  Fax: (510) 272-9158

4  Attorney for Plaintiffs
   Akihito Takamura, Jae Dong Jun and Leo Takamura
5

**ENDORSED FILED**
**SAN MATEO COUNTY**

OCT 2 5 2007

Clerk of the Superior Court
By ___R. Montgomery___
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

UNLIMITED

| | |
|---|---|
| Jae Dong Jun, Akihito Takamura and Leo Takamura<br><br>Plaintiffs,<br><br>vs.<br><br>EMC Mortgage Company and Does 1-10,<br><br>Defendant. | Case No.: **CIV467182**<br><br>COMPLAINT FOR DAMAGES<br><br>**BY FAX** |

Plaintiffs allege as follows:

1.  Plaintiff, Akihito Takamura, Jae Dong Jun and Leo Takamura were at all times relevant to these action individuals, residing in the County of San Mateo. (Hereinafter "Takamura")

2.  Defendant, EMC Mortgage Company, (Hereafter "EMC") is a corporation doing business in the State of California, County of San Mateo.

3.  Plaintiff does not know the true names, capacities, or bases of liability of defendants sued as Does 1 through 10. Each fictitiously named defendant is in some way liable to plaintiff, or claims some right, title, or interest in the subject property that is subsequent to and subject to the interest of plaintiff, or both.

///

-1-

## GENERAL ALLEGATIONS

4. On or about August 28, 2003, plaintiffs executed a promissory note (the "Note") and Deed of Trust in the amount of $370,000 in favor of New Century Mortgage.

5. The above named Deed of Trust encumbered the real property known as 151 Goodwin Drive, San Bruno, CA 94066, (Hereafter referred to as the "Property") as a first deed of trust.

6. A default under the Note arose and on December 21, 2005 a Notice of Default was recorded in the office of the San Mateo County Recorder's office.

7. On or about September 19, 2006 a Notice of Trustee Sale was recorded in the office of the San Mateo County Recorder's office.

8. On March 7, 2007, defendant caused the property to be sold at a non-judicial foreclosure sale.

9. On or about March 21, 2007, defendants caused a Trustee's Deed Upon Sale to be recorded.

## FIRST CAUSE OF ACTION
[Breach of Contract]

10. Plaintiff adopts paragraphs 1-9 by reference.

11. Plaintiff alleges that on or about September 14, 2006 a written agreement was made between plaintiff and defendant (The "Contract").

12. The Contract required the plaintiffs to make certain payment. Plaintiff made all payments required by the Contract.

13. Nevertheless, on or about March 7, 2007, defendant breached the Contract by foreclosing on the Property in a manner inconsistent with the terms of the Contract.

14. Prior to the defendant's breach, plaintiffs had substantially performed all obligations to defendant except those obligations plaintiffs were prevented or excused from performing.

15. Plaintiff has suffered monetary damages as a direct result of defendant's breach of the Contract.

11619626.tif - 11/13/2007 3:57:20 PM

WHEREFORE, Plaintiff prays judgment as hereafter set forth

WHEREFORE, plaintiff demands judgment as follows:

1. For general damages according to proof;

2. For consequential damages according to proof;.

3. For compensatory damages according to proof; and

4. That plaintiffs recover their attorney's fees and costs in this action;

6. For prejudgment interest on all damages; and

8. That the Court award all other appropriate and just relief.

Dated: October 24, 2007

Marc Voisenat, Attorney for
Plaintiffs Jae Dong Jun,
Akihito Takamura and Leo
Takamura

-3-

# NOTICE OF CASE MANAGEMENT CONFERENCE

JUN

vs.

EMC

**ENDORSED FILED**
**SAN MATEO COUNTY**
OCT 2 5 2007
Clerk of the Superior Court
By R. Montgomery
DEPUTY CLERK

Case No. **CIV 467182**

Date: **MAR 5 2008**

Time: 9:00 a.m.

Dept. 2 – on Tuesday & Friday
Dept. 8 – on Wednesday & Thursday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within **60 days** of filing the complaint (CRC 3.110).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725). Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference.

> 2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

\* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF <br> STREET ADDRESS: Superior Court of California <br> MAILING ADDRESS: County of San Mateo <br> CITY AND ZIP CODE: 400 County Center <br> BRANCH NAME: Redwood City, CA 94063-1655 | |
| PLAINTIFF/PETITIONER: <br> DEFENDANT/RESPONDENT: | |
| **CASE MANAGEMENT STATEMENT** <br> (Check one): ☐ **UNLIMITED CASE** ☐ **LIMITED CASE** <br> (Amount demanded (Amount demanded is $25,000 <br> exceeds $25,000) or less) | CASE NUMBER: |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:            Time:            Dept.:            Div.:            Room:
Address of court *(if different from the address above)*:

---

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

---

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4 <br> Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courtinfo.ca.gov

11619626.tif - 11/13/2007 3:57:20 PM

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request  ☐ a jury trial  ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c.    Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:
   e.  Fax number:
   f.  E-mail address:
   g.  Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]    **CASE MANAGEMENT STATEMENT**    Page 2 of 4

11619626.tif - 11/13/2007 3:57:20 PM

|  |  |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

CM-110

10. d. The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

14. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

|  |  |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

CM-110

**17. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**
a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**21. Case management orders**
Previous case management orders in this case are (check one):   ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶ _____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY)
☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]        **CASE MANAGEMENT STATEMENT**        Page 4 of 4

11619626.tif - 11/13/2007 3:57:20 PM

## SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN MATEO

### APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

### WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes that are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

### WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation. The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

**Arbitration:** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be

SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN MATEO

binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations. The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

**ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT**

- Upon filing a Complaint, the Plaintiff will receive this information sheet from the Superior Court Clerk. Plaintiff is expected to include this information sheet when he or she serves the Complaint on the Defendant.

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here. Parties chose and contact their own ADR provider. A Panelist List is available on-line.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint. An original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference. The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file a Stipulation and Order to ADR.

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC. ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days. If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted within 10 days of completion of the process.

Information: For ADR forms go to the local forms section of the courts website:
www.co.sanmateo.ca.us/sanmateocourts/adr.htm.
For more information contact the Multi-Option ADR Project, 400 County Center, Redwood City, CA 94063, (650) 363-1962 or (650) 599-1070; fax 650/599-1754