JOHN B. SULLIVAN (State Bar No. 96742)
REGINA J. McCLENDON (State Bar No. 184669)
rjm@severson.com
ERIK KEMP (State Bar No. 246196)
ek@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
EMC MORTGAGE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE DONG JUN, AKIHITO TAKAMURA, and LEO TAKAMURA,<br><br>Plaintiffs,<br><br>vs.<br><br>EMC MORTGAGE COMPANY, and DOES 1-10,<br><br>Defendants. | Case No.: CV 07 06281 EMC<br><br>**EMC MORTGAGE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant EMC Mortgage Corporation ("EMC" or "Defendant"), incorrectly sued herein as EMC Mortgage Company, hereby answers the complaint of plaintiffs Jae Dong Jun, Akihito Takamura, and Leo Takamura ("plaintiffs") as follows:

1.  Defendant lacks information or belief sufficient to answer the allegations of paragraph 1, and on that ground denies them.

2.  EMC admits that it is a corporation and that it services loans secured by real property in the State of California, County of San Mateo.

3.  Defendant lacks information or belief sufficient to answer the allegations of paragraph 3, and on that ground denies them.

4.  Defendant admits that plaintiffs executed a promissory note and deed of trust in favor of New Century Mortgage on or about August 8, 2003.

5.   Defendant admits the allegations of paragraph 5.

6.   Defendant admits the allegations of paragraph 6.

7.   Defendant admits the allegations of paragraph 7.

8.   Defendant admits the allegations of paragraph 8.

9.   Defendant admits the allegations of paragraph 9.

10.  Defendant realleges its denials, admissions, and answers to paragraphs 1 through 9 of the complaint.

11.  Defendant admits that a written forbearance agreement was entered into between Defendant and plaintiffs Jae Dong Jun and Akihito Takamura in September 2006. Defendant denies the remaining allegations of paragraph 11.

12.  Defendant admits that the forbearance agreement required plaintiffs to make certain payments. Defendant denies the remainder of paragraph 12.

13.  Defendant admits that it foreclosed upon plaintiffs' property on or about March 7, 2007. Defendant denies the remainder of paragraph 13.

14.  Defendant denies the allegations of paragraph 14.

15.  Defendant denies the allegations of paragraph 15.

Defendant asserts the following affirmative defenses to the complaint:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.   The complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Uncertainty)

2.   The complaint does not describe the claims against Defendant with sufficient particularity and certainty to enable it to determine what defenses may exist. Defendant reserves the right to assert all defenses that may be pertinent to or arise from plaintiff's claims when their precise nature is ascertained.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate)

3. The damage alleged in the complaint resulted, in whole or in part, from the failure of plaintiffs to mitigate their alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

4. The plaintiffs have waived their right to seek the relief herein due to their own acts and/or omissions with reference to the subject matter of the complaint. The plaintiffs, by reason of their knowledge, statements, conduct, approval, authorization and/or ratification, are also estopped from recovery herein.

## FIFTH AFFIRMATIVE DEFENSE

(Laches)

5. The claims of the plaintiffs are barred, in whole or in part, by operation of the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

6. The claims of the plaintiffs are barred, in whole or in part, by operation of the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

7. Recovery for any injury or damage to the plaintiffs is barred by the applicable statute of limitations including, but not limited to, Code of Civil Procedure sections 337, 338, 339, 340, and 343.

## EIGHTH AFFIRMATIVE DEFENSE

(Immunity)

8. Defendant is immune, in whole or in part, from plaintiff's claims.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Satisfy Conditions Precedent)

9.  Plaintiffs failed to satisfy all conditions precedent to recovery, precluding their recovery in whole or in part.

**TENTH AFFIRMATIVE DEFENSE**

(Comparative Fault)

10. Plaintiffs were at fault with respect to the matters alleged in the Complaint and their recovery, if any, should be barred or reduced in proportion to their comparative fault.

WHEREFORE, Defendant requests judgment in its favor; attorneys' fees; costs of suit; and such other relief as the Court deems just and proper.

DATED: December 17, 2007

SEVERSON & WERSON
A Professional Corporation

By: _____
Regina J. McClendon

Attorneys for Defendant
EMC MORTGAGE CORPORATION, sued incorrectly herein as EMC Mortgage Company

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**EMC MORTGAGE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT**

on all interested parties in said case addressed as follows:

Marc Voisenat
Attorney at Law
1330 Broadway, Suite 1035
Oakland, CA 94612
Telephone: (510) 272-9710
Facsimile: (510) 272-9158
*Attorneys for Plaintiffs*

☑ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California, in sealed envelopes with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration is executed in San Francisco, California, on December 17, 2007.

_____
Jennifer Negrete