Marc Voisenat (CSB# 170935)
1330 Broadway, Suite 1035
Oakland, Ca. 94612
Tel: (510) 272-9710
Fax: (510) 272-9158

Attorney for Plaintiffs
Akihito Takamura, Jae Dong Jun and Leo Takamura

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Jae Dong Jun, Akihito Takamura and Leo Takamura<br><br>                Plaintiffs,<br><br>    vs.<br><br>EMC Mortgage Company,<br><br>                Defendants, | Case No.:  CV-07-06281 MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:         March 21, 2008<br>Time:        10:30 a.m.<br>Courtroom: 7<br>Judge:       Hon. Maxine M. Chesney |
|---|---|

1.  **Jurisdiction and Service**

    Plaintiffs Jae Dong Jun, Akihito Takamura, and Leo Takamura filed this action in San Mateo County Superior Court on October 25, 2007.  On December 12, 2007, EMC Mortgage Corporation (wrongfully sued herein as EMC Mortgage Company) removed the case from state court pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity.  28 U.S.C. § 1332.

    All parties have been served.

2.  **Facts**

    On or about August 28, 2003, plaintiffs executed a promissory note (the "Note") and Deed of Trust in the amount of $370,000 in favor of New Century Mortgage.  The Deed of

Trust encumbered the real property known as 151 Goodwin Drive, San Bruno, CA 94066, (the "Property") as a first deed of trust.

A default under the Note arose, and on December 21, 2005, a Notice of Default was recorded in the San Mateo County Recorder's office. After receiving the Notice of Default, plaintiffs sought a forbearance agreement to cure the default. On or about January 30, 2006, plaintiffs entered into a forbearance agreement with EMC. Plaintiffs breached that forbearance agreement by failing to make the payments required by the agreement. EMC thus resumed foreclosure proceedings. On or about September 19, 2006, a Notice of Trustee's Sale was recorded in the office of the San Mateo County Recorder's office.

However, the sale did not go forward as scheduled. On or about September 14, 2006, plaintiffs signed another forbearance agreement with EMC (the "Contract").

The Contract required the plaintiffs to make certain payments. Plaintiffs contend that they made all payments required by the Contract.

EMC contends that plaintiffs failed to timely make the payments due under the Contract in October, November, and December 2006, thereby breaching the Contract. In January 2007, the foreclosure process resumed.

On March 7, 2007, the Property was sold at a trustee's sale to a third party purchaser. On or about March 21, 2007, a Trustee's Deed Upon Sale was recorded in the Official Records of San Mateo County. Plaintiffs were thereafter evicted from the Property.

3. **Legal Issues:**

The central issue is whether the forbearance agreement was breached. Plaintiffs contend that they made all the payments required by the forbearance agreement and that EMC's foreclosure was therefore wrongful. EMC contends that plaintiffs breached the forbearance

agreement and that EMC lawfully foreclosed upon the property when plaintiffs failed to cure their default.

4. **Motions:**

There are no pending motions.  EMC anticipates filing a motion for summary judgment based on its contention that the forbearance agreement was breached, and that its foreclosure was therefore proper.

5. **Amendment of Pleadings:**

Amendments to pleadings are not anticipated.  However, should any amendments prove necessary, the parties propose a deadline of June 6, 2008.

6. **Evidence Preservation:**

Plaintiffs' counsel has collected all documents from plaintiffs and has them in his possession.

EMC has implemented a "litigation hold" that will preserve all documentation, electronic or otherwise, that may be relevant to the matters at issue in this lawsuit.  The preserved documentation includes historical information regarding plaintiffs' account, including all correspondence and account statements, account notes, and the complete imaged loan file.

7. **Disclosures:**

The parties intend to make their initial disclosures on or before April 4, 2008.

8. **Discovery:**

Neither party has initiated discovery yet.  EMC anticipates that its discovery will be limited.  The only issues presented are whether the forbearance agreement was breached and what damages plaintiffs have suffered, if any.

The parties agree that no changes need to be made on the limitations of discovery. EMC reserves its right to seek a protective order should plaintiffs seek to discovery any confidential or proprietary information.

9. **Class Actions:**

Not applicable.

10. **Related Cases:**

Neither party is aware of any related cases.

11. **Relief:**

The Complaint seeks general damages, consequential damages, compensatory damages, and attorneys' fees. Plaintiffs seek recovery of the lost equity in the Property.

EMC denies that plaintiffs are entitled to any relief whatsoever and denies they are entitled to damages.

12. **Settlement and ADR:**

Both parties complied with ADR Local Rule 3.5 by submitting an ADR Certification and Stipulation to ADR on March 7, 2008. The parties agree to participate in mediation pursuant to ADR Local Rule 6.

13. **Consent to Magistrate Judge For All Purposes:**

EMC declines to proceed before a magistrate judge for all purposes.

14. **Other Reference:**

The case is not suitable for reference.

15. **Narrowing of Issues:**

The parties agree that the issues are already narrow and that most of the documents to be presented at trial can be stipulated to.

16. **Expedited Schedule:**

Plaintiffs would request any procedure that would streamline the case. Plaintiffs believe that a judicial settlement conference may be beneficial.

EMC reserves its right to conduct discovery and file a motion for summary judgment. EMC is amenable to participating in a judicial settlement conference.

17. **Scheduling:**

The parties propose the following deadlines:

| | |
|---|---|
| Discovery Cutoff | October 24, 2008 |
| Last Day for Hearing of Dispositive Motions | October 24, 2008 |
| Designation of Experts | November 24, 2008 |
| Pretrial Conference | January 13, 2009 |
| Trial | January 19, 2009 |

18. **Trial:**

Both parties reserve their right to a jury trial. Plaintiffs estimate that a trial would take 3 days. EMC estimates that a trial would take 1-2 days.

19. **Disclosure of Non-party Interested Entities of Persons:**

EMC filed a Certificate of Interested Parties on December 12, 2007, which states that the "following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding: The Bear Stearns Companies, Inc."

Plaintiffs have no interested parties to identify, and will file their certificate of interested parties by April 4, 2008.

20. **Other Issues**:

None

DATED: March 7, 2008

                                        /s/ Marc Voisenat
                                        Marc Voisenat, Attorney for Plaintiffs

DATED: March 7, 2008              SEVERSON & WERSON
                                        A Professional Corporation

                                        By:      /s/ Erik Kemp
                                                        Erik Kemp

Attorneys for Defendant
EMC MORTGAGE CORPORATION, sued incorrectly herein as EMC Mortgage Company