JOHN B. SULLIVAN (State Bar No. 96742)
REGINA J. McCLENDON (State Bar No. 184669)
rjm@severson.com
ERIK KEMP (State Bar No. 246196)
ek@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendant
EMC MORTGAGE CORPORATION
sued incorrectly herein as
EMC Mortgage Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE DONG JUN, AKIHITO TAKAMURA, and LEO TAKAMURA,<br><br>Plaintiffs,<br><br>vs.<br><br>EMC MORTGAGE COMPANY, and DOES 1-10,<br><br>Defendants. | Case No.: 07-cv-06281 MMC<br><br>**EMC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** [Fed. R. Civ. P., Rule 56]<br><br>Date:  September 5, 2008<br>Time:  9:00 a.m.<br>Dept.:  7<br>Judge:  Hon. Maxine M. Chesney |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that that on September 5, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7 of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant EMC Mortgage Corporation ("EMC") will, and hereby does, move the Court for an order granting summary judgment on plaintiffs Jae Dong Jun, Akihito Takamura, and Leo Takamura's complaint and the sole cause of action against EMC in the complaint.

This motion is pursuant Rule 56 of the Federal Rules of Civil Procedure and is made on the following grounds:  1) plaintiffs defaulted on their mortgage loan; 2) plaintiffs breached the

1  forbearance agreement dated September 14, 2006, by failing to make all the required payments;
2  3) plaintiffs' default authorized EMC to foreclose on their former home; and 4) plaintiffs have no
3  basis to set aside the trustee's sale held on their former home
4       This motion is based on this notice of motion and motion, the memorandum of points and
5  authorities that follows, the declaration of Mary Jacque Thompson, the declaration of Yvonne
6  Wheeler, the request for judicial notice, the pleadings and records on file in this action, and upon
7  such other oral and documentary evidence as may be presented at the hearing on this motion.

9  DATED:  July 25, 2008                    SEVERSON & WERSON
                                                            A Professional Corporation

By:        /s/   Erik Kemp
                Erik Kemp

Attorneys for Defendant
EMC MORTGAGE CORPORATION, sued
incorrectly herein as EMC Mortgage Company

15  I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

- 2 -

11474/0087/676081.1                                                             EMC's Motion for Summary Judgment
                                                                                   Case No. CV 07 06281 MMC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case presents only one narrow issue for the Court's determination: did plaintiffs Jae Dong Jun, Akihito Takamura, and Leo Takamura make *all* the payments required by the forbearance agreement they entered into with their mortgage loan servicer, EMC Mortgage Corporation? Plaintiffs concede that they defaulted on their mortgage loan. Thereafter, EMC entered into two separate forbearance agreements with plaintiffs, so as to give plaintiffs an opportunity to make payments on their delinquent loan and avoid foreclosure. Plaintiffs breached the first agreement. The only question is who breached the second agreement.

Plaintiffs contend that EMC breached the agreement by foreclosing on the property despite the fact that they "substantially performed" their obligations under the agreement. For this supposed wrong, they bring a sole cause of action against EMC for breach of contract.

As the Court will see, however, plaintiffs were the ones in breach of the agreement, not EMC. The forbearance agreement required that plaintiffs timely make each and every payment, not that they substantially perform. Plaintiffs failed to do so. They were late on their first two payments and then failed to make the third payment at all. When EMC did not receive the third payment, it notified plaintiffs that foreclosure would resume if the payment was not made immediately. But plaintiffs still did nothing. Foreclosure thus resumed, and plaintiffs' property was sold to a bona fide purchaser at a duly noticed trustee's sale.

The foreclosure sale was valid and cannot be set aside. In fact, plaintiffs do not allege that there was any procedural irregularity or other ground that would allow the Court to do so. But even if they had, plaintiffs have never offered to tender the amount that was due under the loan. Accordingly, they are not entitled to any such relief.

In short, plaintiffs were given an opportunity to cure their default, but were unable or unwilling to make the required payments. As such, EMC exercised its right to foreclose on plaintiffs' former home. Plaintiffs' case is without merit, and the Court should therefore grant EMC's motion for summary judgment.

## II.  ISSUES TO BE DECIDED

The following issues are to be decided on this motion:

1) Whether plaintiffs made all the payments required by the forbearance agreement dated September 14, 2006;

2) Whether EMC was authorized to foreclose on plaintiffs' property; and

3) Whether plaintiffs have any other grounds for setting aside the trustee's sale.

## III.  STATEMENT OF FACTS

### A.  The Origination of Plaintiffs' Loan.

On August 8, 2003, plaintiffs obtained a loan in the principal amount of $370,500 from New Century Mortgage Corporation. Declaration of Mary Jacque Thompson ("Thompson Decl."), ¶ 2, Ex. A. This loan was secured by real property located at 151 Goodwin Drive, San Bruno, California 94066, as evidenced by a deed of trust. *Id.*, Ex. B.; *see also* Request for Judicial Notice ("RJN"), Ex. A.

The Deed of Trust provides that if plaintiffs default on their loan, "Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law." Thompson Decl., Ex. B and RJN, Ex. A at ¶ 22. The Deed of Trust also provides that "any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy." *Id.* at ¶ 12.

In December 2003, the servicing rights to plaintiffs' loan were transferred to EMC. Thompson Decl., ¶ 3.

### B.  Plaintiffs' Default and the First Forbearance Agreement.

In October 2005, plaintiffs defaulted on their loan by failing to make payments due under the note. Thompson Decl., ¶¶ 3, 4, Ex. C. EMC thereafter referred the loan to foreclosure, retaining Cal-Western Reconveyance Corporation to act as trustee. *Id.*; *see also* Declaration of Yvonne J. Wheeler ("Wheeler Decl."), ¶ 2.

- 4 -

On December 21, 2005, Cal-Western recorded a Notice of Default in the Official Records of San Mateo County as Instrument No. 2005-222414. Wheeler Decl., ¶ 2, Ex. A; *see also* RJN, Ex. B. The Notice of Default recited the existence of a default under the deed of trust, and indicated that the amount required to reinstate plaintiffs' loan was $15,543.54. *Id.*

Shortly thereafter, on January 30, 2006, plaintiffs entered into a forbearance agreement with EMC, thus delaying the foreclosure proceedings. Thompson Decl., ¶ 5, Ex. D; see also Wheeler Decl., ¶ 4. The agreement required plaintiffs to make an initial downpayment of $6,000, and then make 12 monthly payments of $5049.85 beginning on March 1, 2006, and then continuing on the first date of each successive month. *Id.* at Ex. D.

Plaintiffs failed to timely make the first monthly payment due March 1, 2006. Thompson Decl., ¶ 6. Thereafter, plaintiffs failed to timely make their monthly payments in April, May, June, and July. *Id.* Plaintiffs did not make their August 2006 payment at all. EMC thus notified plaintiffs that the forbearance agreement had been breached, and the foreclosure process resumed. *Id.*

On September 19, 2006, Cal-Western recorded a Notice of Trustee's Sale in the Official Records of San Mateo County as Instrument No. 2006-141659. Wheeler Decl., ¶ 4, Ex. B; RJN, Ex. C. The Notice of Trustee's Sale indicated that a foreclosure sale was scheduled for October 18, 2006. *Id.*

    **C.**    **The Second Forbearance Agreement.**

The trustee's sale did not go forward as scheduled, as plaintiffs entered into another forbearance agreement with EMC dated September 14, 2006. Thompson Decl., ¶ 7, Ex. E; see also Wheeler Decl., ¶ 5. The agreement required plaintiffs to make an initial down payment of $6,000 and 12 monthly payments of $3,800.14 beginning on October 22, 2008, and then continuing on the 22nd date of each successive month. Thompson Decl., Ex. E at ¶ 2. The forbearance agreement provides in pertinent part:

> If the above-referenced payments are not **RECEIVED** on or before each due date, the Lender will continue with any remedies, as outlined in the terms of our loan documents, including but not limited to foreclosure, without further notice or demand. We are aware that any default in this Agreement will lead to a resumption of the foreclosure sale, if such sale is currently pending. If there is a foreclosure sale currently scheduled the sale will not be cancelled

- 5 -

> (if state law allows for postponement of the sale). The sale will be considered postponed pursuant to mutual agreement of the parties while this Agreement remains in effect. The foreclosure process is only placed on HOLD. **FORECLOSURE WILL NOT RE-START.** If the Borrower defaults under this Agreement, foreclosure proceedings will continue without any additional notice to the borrower. The foreclosure process will resume from the point prior to the execution of the Agreement.

(*Id.* at ¶ 10(b); **emphasis in original**.)

Plaintiffs failed to timely make the October and November payments. Thompson Decl., ¶ 8. Then, they failed to make the December payment at all. *Id.* On December 26, 2007, EMC notified plaintiffs via letter that it had not received the December payment and that if the payment was not received in five days, foreclosure would resume. *Id.*, Ex. F. Plaintiffs did not make the payment, so on January 11, 2007, almost three weeks later, EMC notified plaintiffs via letter that the forbearance agreement had been breached and that the foreclosure process would resume. *Id.* at ¶ 9, Ex. G. The letter further advised that "all delinquent payments and fees are due in full on your account." *Id.*

Plaintiffs subsequently tendered a payment in the amount of $3,800.14. Thompson Decl., ¶ 10. EMC returned this payment to plaintiffs on February 1, 2007 because it was insufficient to reinstate the loan. *Id.*, Ex. H.

### D.     The Trustee's Sale and Subsequent Events.

A trustee's sale took place on March 7, 2007, and the property was sold for $492,700 to the high bidder, Daniel J. Rosenbledt, Trustee of the Rosenbledt Pie Trust. Wheeler Decl., ¶ 6, Ex. C. On March 21, 2007, a trustee's deed upon sale was recorded in the Official Records of San Mateo County as Instrument No. 2007-043100, thus conveying title to the property to the Rosenbledt Trust. *Id.*; see also RJN, Ex. D.

Because plaintiffs' unpaid debt at the time of the sale was $398,017.49, there was a surplus in the amount of $94,682.51. Wheeler Decl., ¶ 7. On June 13, 2007, Cal-Western sent to plaintiffs a check in the amount of $66,320.49, representing their share of the surplus funds, as well as an itemization of the remainder.[1] *Id.*, Ex. D.

---

[1] The itemization indicates that $28,177.46 was paid to the Internal Revenue Service in satisfaction of a tax lien, and that Cal-Western retained $184.56 for its services. Wheeler Decl., ¶ 7, Ex. D.

- 6 -

1   Plaintiffs filed this action in San Mateo County Superior Court on October 25, 2007. EMC
2   removed the action to federal court on December 12, 2007.

### IV. LEGAL ARGUMENT

Plaintiffs' sole cause of action for breach of contract alleges that they made the payments required by the second forbearance agreement, but that EMC wrongfully foreclosed on their property. Complaint, ¶¶ 12, 13. Plaintiffs further allege that they "substantially performed" all their obligations under the agreement to EMC. *Id.* at ¶ 14. The elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1388 (1990), citing *Reichert v. General Ins. Co.* 68 Cal.2d 822, 830 (1968). Plaintiffs' breach of contract claim fails because EMC did not breach the forbearance agreement. To the contrary, plaintiffs breached the agreement.

### A. Plaintiffs Breached the Forbearance Agreement.

Again, the forbearance agreement required that plaintiffs make a payment in the amount of $3,800.14 on the 22nd date of each month. Thompson Decl., Ex. E at ¶ 2  And if any payment is "not **RECEIVED** on or before each due date, the Lender will continue with any remedies, as outlined in the terms of our loan documents, including but not limited to foreclosure…" *Id.* at Ex. E, ¶ 10(b); **emphasis in original**. Plaintiffs did not timely make their October or November payments. *Id.* at ¶ 8. They then failed to timely make their December payment. *Id.* On December 26, 2007, EMC notified plaintiffs that foreclosure would resume if it did not receive the December payment within five days. *Id.*, Ex. F. Plaintiffs never made this payment.

This was a breach of the agreement. EMC was thus authorized to exercise all rights afforded by the deed of trust, including the right to resume foreclosure proceedings on plaintiffs' property. Thompson Decl., Ex. E at ¶ 10(b), and Ex. A at ¶ 22. In fact, EMC could have resumed foreclosure immediately after plaintiffs failed to make their December payment. But it waited until January 11, 2008, 20 days after the payment was due, to give plaintiffs an additional chance to avoid foreclosure. Plaintiffs still did not make that payment.

- 7 -

In short, plaintiffs simply failed to make all the payments required by the forbearance agreement. Because the agreement was breached, EMC was authorized to resume foreclosure proceedings. Plaintiffs' breach of contract claim against EMC therefore fails.

**B.     Plaintiffs Cannot Establish Any Other Reason to Set Aside the Trustee's Sale.**

Plaintiffs do not allege that there was anything else improper about the foreclosure, or that EMC did anything else wrong. Even if they had, those claims would fail as a matter of law.

Civil Code section 2924 provides that a "recitation in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication…shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice." Cal. Civ. Code § 2924(c); see *Karrell v. First Thrift of London* 104 Cal.App.2d 536, 539 (1951). "Thus, once a deed reciting that all legal requirements have been satisfied has been transferred to a buyer at a foreclosure sale, the sale can be successfully attacked on the grounds of procedural irregularity *only* if the buyer is not a bona fide purchaser." *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.,* 85 Cal.App.4th 1279, 1286 (2001); [*emphasis in original*].

Here, the Trustee's Deed Upon Sale recites that Cal-Western has "complied with all applicable statutory requirements of the state of California and performed all duties required by said Deed of Trust, including, among other things, as applicable, the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof." Wheeler Decl., Ex. C. Because the property was purchased by a bona fide purchaser for value (*see id.* at ¶ 6, Ex. C), this presumption is conclusive. Accordingly, if plaintiffs had alleged that there was some irregularity in the foreclosure sale process—which they do not—they would be unable to set aside the sale.

Moreover, plaintiffs cannot ask this Court to set aside the trustee's sale for an additional reason: they have not offered to tender. *See* Compl. "A valid and viable tender of payment of the

- 8 -

indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."[2] *Karlsen v. American Sav. & Loan Assn.,* 15 Cal.App.3d 112, 117 (1971); see also *Adallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996); *Fogey v. Schmidt,* 101 Cal.App.2d 681, 683 (1951). Absent evidence of a tender, the borrower is not entitled to any relief for a foreclosure sale irregularity. *Karlsen*, 15 Cal.App.3d at 117; *MCA, Inc. v. Universal Diversified Enterprises Corp.*, 27 Cal.App.3d 170, 177 (1972); *Carpenter v. Hamilton*, 59 Cal.App.2d 146, 151-152 (1943). Plaintiffs have never offered to tender the amount of their indebtedness. Accordingly, they cannot set aside the trustee's sale even if there were some defect in the foreclosure procedure (which there was not).

## V.    CONCLUSION

In sum, EMC was authorized to foreclose on plaintiffs' former property because plaintiffs defaulted on their loan, and then breached the terms of their forbearance agreement. Plaintiffs allege no other ground to set aside the trustee's sale and, even if they had, they are not entitled to such relief because they have never offered to tender the amount owing. Plaintiffs' case is devoid of merit. The Court should grant EMC's motion for summary judgment.

For all the foregoing reasons, EMC respectfully requests that the Court grant its motion for summary judgment.

DATED: July 25, 2008                        SEVERSON & WERSON
                                            A Professional Corporation


                                            By:  _____/s/  Erik Kemp_____
                                                         Erik Kemp

                                            Attorneys for Defendant
                                            EMC MORTGAGE CORPORATION, sued
                                            incorrectly herein as EMC Mortgage Company

---

[2] A proper tender must also be made in a timely manner, in good faith, and with the present ability to perform. *Napue v. Gor-May West, Inc.*, 175 Cal.App.3d 608, 621 (1985); *Karlsen,* 15 Cal.App.3d at 118.