1  JOHN B. SULLIVAN (State Bar No. 96742)
   REGINA J. McCLENDON (State Bar No. 184669)
2  rjm@severson.com
   ERIK KEMP (State Bar No. 246196)
3  ek@severson.com
   SEVERSON & WERSON
4  A Professional Corporation
   One Embarcadero Center, Suite 2600
5  San Francisco, CA  94111
   Telephone:  (415) 398-3344
6  Facsimile:  (415) 956-0439

7  Attorneys for Defendant
   EMC MORTGAGE CORPORATION
8  sued incorrectly herein as
   EMC Mortgage Company
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  JAE DONG JUN, AKIHITO TAKAMURA, and LEO TAKAMURA, | Case No.: 07-cv-06281 MMC |
| 14                Plaintiffs, | **[PROPOSED] ORDER GRANTING EMC MORTGAGE CORPORATION'S MOTION FOR SUMMARY JUDGMENT** |
| 15       vs. | |
| 16  EMC MORTGAGE COMPANY, and DOES 1-10, | Date:     September 5, 2008<br>Time:     9:00 a.m.<br>Dept.:    7 |
| 17                Defendants. | Judge:    Hon. Maxine M. Chesney |

19

20   The motion of defendant EMC Mortgage Corporation ("EMC") for summary judgment on

21  plaintiffs Jae Dong Jun, Akihito Takamura, and Leo Takamura's complaint came on for hearing

22  before this Court on September 5, 2008.  After consideration of the papers and evidence filed by

23  the parties and the arguments of counsel at the hearing, IT IS HEREBY ORDERED that EMC's

24  motion for summary judgment is GRANTED.

25   On October 25, 2007, plaintiffs filed a complaint against EMC in the Superior Court for

26  San Mateo County.  EMC removed the action to this court on December 12, 2007.  Plaintiffs assert

27  a sole cause of action against EMC for breach of contract.  As explained below, the Court finds that

28

11474/0087/680607.1                                                    [Proposed] Order
                                                              Case No. CV 07 06281 MMC

1  the breach of contract claims fails as a matter of law and that EMC is entitled to summary
2  judgment.
3      On August 8, 2003, plaintiffs obtained a mortgage loan in the principal amount of $370,500
4  from New Century Mortgage Corporation. Declaration of Mary Jacque Thompson ("Thompson
5  Decl."), ¶ 2, Ex. A.  This loan was secured by real property located at 151 Goodwin Drive, San
6  Bruno, California 94066, as evidenced by a deed of trust. *Id.*, Ex. B.; see also Request for Judicial
7  Notice ("RJN"), Ex. A.  In December 2003, the servicing rights to plaintiffs' loan were transferred
8  to EMC.  Thompson Decl., ¶ 3.  In October 2005, plaintiffs defaulted on their loan by failing to
9  make payments due under the note.  *Id.*, ¶¶ 3, 4, Ex. C.  EMC thereafter entered into two
10 forbearance agreements with plaintiffs.  *Id.*, ¶¶ 5, 7, Ex. D and E.
11     This case concerns the second forbearance agreement, which plaintiffs signed on
12 September 14, 2006.  Thompson Decl., ¶ 7, Ex. E.  Plaintiffs allege that they made all the payments
13 required by this agreement, but that EMC breached the agreement by foreclosing on their property
14 "in a manner inconsistent with the terms of the [agreement]."  Complaint, ¶¶ 12, 13.  Plaintiffs
15 further allege that they "substantially performed" all their obligations under the agreement prior to
16 EMC's alleged breach.  *Id.* at ¶ 14.  The trustee's sale took place on March 7, 2007, and the
17 property was sold for $492,700 to the high bidder, Daniel J. Rosenbledt, Trustee of the Rosenbledt
18 Pie Trust.  Declaration of Yvonne J. Wheeler ("Wheeler Decl."), ¶ 6, Ex. C; see also RJN, Ex. D.
19     The Court finds that EMC did not breach the contract and that plaintiffs cannot set aside the
20 trustee's sale.
21     **I.     EMC Did Not Breach the Contract**
22     The elements of a breach of contract claim are:  (1) the existence of a contract,
23 (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant, and
24 (4) damages.  *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1388
25 (1990), citing *Reichert v. General Ins. Co.* 68 Cal.2d 822, 830 (1968).  EMC made a prima facie
26 showing that directly contradicted plaintiffs' allegations by showing that it did not breach the
27 contract.  Plaintiffs failed to rebut this showing with any admissible evidence.
28     The forbearance agreement provides in pertinent part:

- 2 -

> If the above-referenced payments are not **RECEIVED** on or before each due date, the Lender will continue with any remedies, as outlined in the terms of our loan documents, including but not limited to foreclosure, without further notice or demand.  We are aware that any default in this Agreement will lead to a resumption of the foreclosure sale, if such sale is currently pending.  If there is a foreclosure sale currently scheduled the sale will not be cancelled (if state law allows for postponement of the sale).   The sale will be considered postponed pursuant to mutual agreement of the parties while this Agreement remains in effect.  The foreclosure process is only placed on HOLD.  **FORECLOSURE WILL NOT RE-START.**  If the Borrower defaults under this Agreement, foreclosure proceedings will continue without any additional notice to the borrower.  The foreclosure process will resume from the point prior to the execution of the Agreement.

(*Id.* at ¶ 10(b); **emphasis in original**.)

The Court finds that plaintiffs failed to timely make the October and November payments. Thompson Decl., ¶ 8.  Then, they failed to make the December payment at all.  *Id.*  On December 26, 2007, EMC notified plaintiffs via letter that it had not received the December payment and that if the payment was not received in five days, foreclosure would resume.  *Id.*, Ex. F.  Plaintiffs did not make the payment.  *Id.* at ¶ 9.  The Court thus finds that plaintiffs, not EMC, breached the agreement.  EMC was authorized to exercise all rights afforded by the deed of trust, including the right to resume foreclosure proceedings on plaintiffs' property.  Thompson Decl., Ex. E at ¶ 10(b), and Ex. A at ¶ 22.

On January 11, 2007, EMC exercised this right by notifying plaintiffs via letter that the forbearance agreement had been breached and that the foreclosure process would resume.  *Id.* at ¶ 9, Ex. G.  The letter further advised that "all delinquent payments and fees are due in full on your account."  *Id.*  The trustee's sale that later took place on March 7, 2007, was therefore proper. Because EMC's foreclosure was authorized by the deed of trust and consistent with the terms of the parties' forbearance agreement, plaintiffs' breach of contract claim against EMC fails.

**II.    Plaintiffs Have No Other Basis to Set Aside the Trustee's Sale**

Plaintiffs allege no other grounds on which the trustee's sale can be set aside.  *See* Complaint.  Even if they had, the Court finds that they are precluded from seeking any such relief for two reasons.

**1**     First, Civil Code section 2924 provides that a "recitation in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication…shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice." Cal. Civ. Code § 2924(c); see *Karrell v. First Thrift of London* 104 Cal.App.2d 536, 539 (1951). "Thus, once a deed reciting that all legal requirements have been satisfied has been transferred to a buyer at a foreclosure sale, the sale can be successfully attacked on the grounds of procedural irregularity *only* if the buyer is not a bona fide purchaser." *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.,* 85 Cal.App.4th 1279, 1286 (2001); [*emphasis in original*].

Here, the Trustee's Deed Upon Sale recites that Cal-Western has "complied with all applicable statutory requirements of the state of California and performed all duties required by said Deed of Trust, including, among other things, as applicable, the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof." Wheeler Decl., Ex. C. Because the property was purchased by a bona fide purchaser for value (*see id.* at ¶ 6, Ex. C), this presumption is conclusive. Accordingly, the Court finds that plaintiffs are precluded from challenging the sale for purported procedural defects.

Second, plaintiffs also cannot ask this Court to set aside the trustee's sale because they have not offered to tender the amount they owed to EMC. "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. & Loan Assn.,* 15 Cal.App.3d 112, 117 (1971); see also *Adallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996); *Fogey v. Schmidt,* 101 Cal.App.2d 681, 683 (1951). Absent evidence of a tender, the borrower is not entitled to any relief for a foreclosure sale irregularity. *Karlsen*, 15 Cal.App.3d at 117; *MCA, Inc. v. Universal Diversified Enterprises Corp.*, 27 Cal.App.3d 170, 177 (1972); *Carpenter v. Hamilton*, 59 Cal.App.2d 146, 151-152 (1943).

- 4 -

1  Plaintiffs do not allege they offered to tender the amount owning to EMC. *See* Compl.
2  Further, they present no evidence here that they would have been able to tender. Accordingly, the
3  Court finds that plaintiffs cannot set aside the trustee's sale for this reason, too.
4  For all the foregoing reasons, EMC is entitled to summary judgment.

6  IT IS SO ORDERED.

8  Dated: _____

Hon. Maxine M. Chesney
United States District Court Judge