1  JOHN B. SULLIVAN (State Bar No. 96742)
   REGINA J. McCLENDON (State Bar No. 184669)
2  rjm@severson.com
   ERIK KEMP (State Bar No. 246196)
3  ek@severson.com
   SEVERSON & WERSON
4  A Professional Corporation
   One Embarcadero Center, Suite 2600
5  San Francisco, CA  94111
   Telephone:  (415) 398-3344
6  Facsimile:  (415) 956-0439

7  Attorneys for Defendant
   EMC MORTGAGE CORPORATION
8  sued incorrectly herein as EMC
   Mortgage Company
9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13 | JAE DONG JUN, AKIHITO TAKAMURA, and | Case No.: 07-cv-06281 MMC
   | LEO TAKAMURA,                       |
14 |                                     | **DECLARATION OF YVONNE J.**
   |                                     | **WHEELER IN SUPPORT OF EMC**
15 |         Plaintiffs,                 | **MORTGAGE CORPORATION'S**
   |                                     | **MOTION FOR SUMMARY JUDGMENT**
16 |     vs.                             |
   |                                     | Date:    September 5, 2008
17 | EMC MORTGAGE COMPANY, and DOES 1-10,| Time:    9:00 a.m.
   |                                     | Dept.:   7
18 |         Defendants.                 | Judge:   Hon. Maxine M. Chesney

19

20       I, Yvonne J. Wheeler, declare:

21       1.      I am employed by Cal-Western Reconveyance Corporation as a Trustee Sale

22 Manager.  My job duties include overseeing non-judicial foreclosure sales.  In my capacity as

23 Trustee Sale Manager, I have custody and control of the business records of Cal-Western,

24 including Cal-Western's file concerning the foreclosure of real property located at 151 Goodwin

25 Drive, San Bruno, California 94066 (the "Property"), which was formerly owned by plaintiffs Jae

26 Dong Jun, Akihito Takamura, and Leo Takamura ("plaintiffs").  The records of Cal-Western are

27 made in the ordinary course of business by persons who have a business duty to make such records,

28 and/or are received by Cal-Western in the ordinary course of its business, which includes acting as

1. a trustee in non-judicial foreclosures. The records of Cal-Western were made at or near the time of the occurrence of the event or events which they record. I have personally reviewed Cal-Western's records pertaining to the foreclosure on the Property and, as a result, I am qualified to testify to the facts set forth herein.

2. Cal-Western was retained by EMC Mortgage Corporation to conduct a non-judicial foreclosure sale of the Property. On December 21, 2005, Cal-Western recorded a Notice of Default in the Official Records of San Mateo County as Instrument No. 2005-222414. A true and correct copy of this Notice of Default is attached hereto as Exhibit A.

3. EMC thereafter directed Cal-Western to postpone further proceedings because plaintiffs had entered into a forbearance agreement with EMC.

4. In or around September 2006, EMC directed Cal-Western to resume the foreclosure process because the forbearance agreement had been breached. On September 19, 2006, Cal-Western recorded a Notice of Trustee's Sale in the Official Records of San Mateo County as Instrument No. 2006-141659. The Notice of Trustee's Sale indicated that a foreclosure sale was scheduled for October 18, 2006. A true and correct copy of this Notice of Trustee's Sale is attached hereto as Exhibit B.

5. The sale date of October 18, 2006 was periodically postponed because plaintiffs entered into a forbearance agreement with EMC. The sale date was ultimately postponed until March 7, 2007. The sale was postponed by announcing each postponement at the time and location of each scheduled sale, as authorized by Civil Code section 2924g(a).

6. A trustee's sale took place on March 7, 2007, and the Property was sold for $492,700 to the high bidder, Daniel J. Rosenbledt, Trustee of the Rosenbledt Pie Trust. On March 21, 2007, a trustee's deed upon sale was recorded in the Official Records of San Mateo County as Instrument No. 2007-043100, thus conveying title to the Property to Rosenbledt. A true and correct copy of the trustee's deed upon sale is attached hereto as Exhibit C.

7. Because plaintiffs' unpaid debt at the time of the sale was $398,017.49, there was a surplus in the amount of $94,682.51. On June 13, 2007, Cal-Western sent to plaintiffs a check in the amount of $66,320.49, representing their share of the surplus funds, as well as an itemization of

1 | the remainder.  True and correct copies of this letter and the enclosed itemization are attached
2 | hereto as Exhibit D.
3 |      I declare under penalty of perjury under the laws of the United States of America that the
4 | foregoing is true and correct and this declaration was executed on July 21st, 2008, at El Cajon,
5 | California.

                                          /s/    Yvonne J. Wheeler
                                                Yvonne J. Wheeler

11474/0087/680098.1

Declaration of Yvonne J. Wheeler
Case No. CV 07 06281 MMC.