JOHN B. SULLIVAN (State Bar No. 96742)
REGINA J. McCLENDON (State Bar No. 184669)
rjm@severson.com
ERIK KEMP (State Bar No. 246196)
ek@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendant
EMC MORTGAGE CORPORATION
sued incorrectly herein as EMC
Mortgage Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE DONG JUN, AKIHITO TAKAMURA, and LEO TAKAMURA,<br><br>Plaintiffs,<br><br>vs.<br><br>EMC MORTGAGE COMPANY, and DOES 1-10,<br><br>Defendants. | Case No.:  07-cv-06281 MMC<br><br>**DECLARATION OF MARY JACQUE THOMPSON IN SUPPORT OF EMC MORTGAGE CORPORATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        September 5, 2008<br>Time:       9:00 a.m.<br>Dept.:       7<br>Judge:      Hon. Maxine M. Chesney |

I, Mary Jacque Thompson, declare:

1.        I am employed by EMC Mortgage Corporation as a Manager of the Foreclosure Department.  My job duties include overseeing non-judicial foreclosure sales of properties located in California.  In my capacity as Manager of the Foreclosure Department at EMC, I have custody and control of the business records of EMC, including EMC's file concerning the loan (loan no. xxxxxx5137) of plaintiffs Jae Dong Jun, Akihito Takamura, and Leo Takamura ("plaintiffs") secured by the real property located at 151 Goodwin Drive, San Bruno, California 94066 (the "Property").  The records of EMC are made in the ordinary course of business by persons whose job it is to make such records, and/or are received by EMC in the ordinary course of its business,

1  which includes the servicing of real estate-secured loans and the purchasing of such loans or their

2  servicing rights from other entities.  The records were made at or near the time of the occurrence of

3  the events which they record.  I have personally reviewed EMC's records pertaining to plaintiffs'

4  loan.

5      2.      On August 8, 2003, plaintiffs obtained a loan in the principal amount of $370,500

6  from New Century Mortgage Corporation. This loan was secured by real property located at

7  151 Goodwin Drive, San Bruno, California 94066, as evidenced by a deed of trust.  A true and

8  correct copy of plaintiffs' promissory note for this loan is attached hereto as Exhibit A.  A true and

9  correct copy of plaintiffs' deed of trust is attached hereto as Exhibit B.

10     3.      EMC acquired the servicing rights to plaintiffs' loan in December 2003.  Thereafter,

11 the loan was serviced and maintained on EMC's loan servicing system.  EMC enters its customers'

12 loan information, including the monthly payment amount, the payment due date, and the prior loan

13 servicer's payment history, into its loan servicing system, and accounts for each payment made on

14 a particular account.  When a payment is made, the amount and date of the payment are input into

15 the servicing system.   A true and correct copy of plaintiffs' payment history generated from

16 EMC's loan servicing system is attached hereto as Exhibit C.

17     4.      In October 2005, plaintiffs defaulted on their loan by failing to make the payments

18 due under the note.  EMC thus referred the loan to foreclosure, retaining Cal-Western

19 Reconveyance Corporation to act as the trustee.

20     5.      On January 30, 2006, plaintiffs entered into a forbearance agreement with EMC, thus

21 delaying the foreclosure proceedings.  The agreement required plaintiffs to make an initial

22 downpayment of $6,000, and then make 12 monthly payments of $5049.85 beginning on March 1,

23 2006.  A true and correct copy of this forbearance agreement is attached hereto as Exhibit D.

24     6.      Plaintiffs failed to timely make their March, April, May, June, and July payments

25 under the forbearance agreement.  Plaintiffs did not make their August 2006 payment at all.  Via

26 letter dated August 22, 2006, EMC thus notified plaintiffs that the forbearance agreement had been

27 breached, and the foreclosure process resumed.

28

- 2 -

Declaration of Mary Jacque Thompson
Case No. CV 07 06281 MMC

7.      On September 14, 2006, plaintiffs entered into another forbearance agreement with EMC, thus delaying the foreclosure process again.  The agreement required plaintiffs to make an initial downpayment of $6,000 and 12 monthly payments of $3,800.14 beginning on October 22, 2008, and then continuing on the 22nd date of each successive month.  A true and correct copy of this forbearance agreement is attached hereto as Exhibit E.

8.      Plaintiffs failed to timely make their October and November payments under the forbearance agreement.  They then failed to make the December payment.  On December 26, 2007, EMC notified plaintiffs via letter that it had not received the payment due December  22, 2007, and that if the payment was not received in five days, foreclosure would resume.  A true and correct copy of this letter is attached hereto as Exhibit F.

9.      On January 11, 2007, EMC notified plaintiffs via letter that because it still had not received the payment due December 22, 2006, the forbearance agreement had been breached and foreclosure would resume.  The letter further advised that all delinquent payments on plaintiffs' account were now due in full.  A true and correct copy of this letter is attached hereto as Exhibit G.

10.     Plaintiffs thereafter tendered a payment in the amount of $3,800.14.  EMC returned this payment to plaintiffs in a letter dated February 1, 2007, because it was insufficient to reinstate the loan.  A true and correct copy of this letter is attached hereto as Exhibit H.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and this declaration was executed on July 21, 2008, at Lewisville, Texas.

/s/  *Mary Jacque Thompson*
Mary Jacque Thompson

11474/0087/679586.1

Declaration of Mary Jacque Thompson
Case No. CV 07 06281 MMC