EXHIBIT E

Date: January 30, 2006        **Repayment Agreement**        Loan Number:   0009305137

In consideration of the Lender's forbearance of its right to pursue its remedies for default for failure to make payments when due on a loan currently serviced by EMC Mortgage Corporation ("EMC"), we the undersigned borrowers, whether one or more, acknowledge and agree to the following terms and conditions:

1. Amounts owed: The following amounts are past due and owing:

| | | | | | |
|---|---|---|---|---|---|
| 8 | P&I Payments | @ | 2,966.47 | $ | 23,731.76 |
| 0 | P&I Payments | @ | 0.00 | $ | 0.00 |
| 0 | P&I Payments | @ | 0.00 | $ | 0.00 |
| 0 | P&I Payments | @ | 0.00 | $ | 0.00 |
| 0 | P&I Payments | @ | 0.00 | $ | 0.00 |
| 0 | P&I Payments | @ | 0.00 | $ | 0.00 |
| 0 | P&I Payments | @ | 0.00 | $ | 0.00 |
| 0 | P&I Payments | @ | 0.00 | $ | 0.00 |

| | |
|---|---|
| Corporate recoverable advances (Attorney Fees/Costs, appraisals, inspections, etc. paid by EMC) | $   363.70 |
| Other misc. fees (Faxes, Deferments, HUD interest arrearages, if applicable, etc.) | $   0.00 |
| Accrued Late Charges | $   1,434.21 |
| NSF Fees | $   0.00 |
| Escrow (Advances and Required) | $   4,616.11 |
| Principal Arrearage (HUD) | $   0.00 |
| Suspense credit | $   -1,759.35 |
| Estimated outstanding attorney fees/cost** | $   2,500.00 |
| **Accurate foreclosure invoices will be billed upon completion of this repayment plan. | $ |
| **TOTAL** arrearages good through | $   30,886.43 |

2. Payments: We agree to pay the total arrearage of        $30,886.43     , by making an initial down payment of    $6,000.00    by **Western Union Quick Collect** on or before        January 31, 2006 . Subsequent payments are due the        1st            of each month in the amount of         $5,049.85    . Payments begin                         March 1, 2006 and end                   February 1, 2007 .
Western Union Quick Collect Instructions are as follows:

    Pay to:           EMC Mortgage
    Code City:        EMC
    Code State:       TX

Subsequent payments are to be made by Western Union Quick Collect or by cashiers check, payable to EMC Mortgage, with the loan number written on the check, sent to the following address.
      EMC Mortgage Corporation
      909 Hidden Ridge Drive, Suite 200
      Irving, Texas 75038

**Binding effect: This repayment Agreement is not valid and binding on EMC until EMC has received our signed Repayment Agreement and the initial down payment by the date specified in this paragraph.**

EMC Mortgage Corporation                                                                                August 15, 2005

EMC/JDJ 00638

3. **Change in payment amount**: If we have an escrowed loan, we understand that any increases or decreases in the escrow portion of our payments will not be made during the term of this Agreement. Changes will be made after the termination of this Agreement. Upon notification, we will adjust our payment to include the change in the new payment amount. If we have a non-escrowed loan, we know that we remain responsible for all sums owing under our loan documents, including but not limited to, payment of taxes, insurance, mobile home park and association dues. In the event that taxes, insurance or dues are delinquent, EMC will advance payment as provided in our loan documents and our payments will be adjusted accordingly after the termination of this Agreement.

| PARAGRAPH 4 - 9 IS APPLICABLE ONLY IF CHECKED |
|---|

☐ 4. **Balloon Payments**: This Agreement will not fully cure our default. At the end of this Agreement our arrearages will be      -$13.57    . We acknowledge the above stated payments include only a portion of the total arrears owed, and will not completely reinstate the loan or cure the default. If the terms of this Agreement are satisfied, EMC may elect to negotiate the remaining arrearage at completion at its own discretion. Any advances made during the term of this Agreement will be due in addition to the balloon payment.

☐ 5. **Foreclosure sale date**: We know there is a foreclosure sale scheduled for       none      . If EMC does not receive the initial down payment and signed Repayment Agreement on or before the date specified in Paragraph 2, EMC may proceed with foreclosure without further notice.

☐ 6. **Discharged 7**: The parties hereto acknowledge that a Discharge from a Chapter 7 bankruptcy has been granted to the Borrower prior to the execution of the Agreement and that the Lender may not pursue the Borrower for personal liability. However, the parties acknowledge that the Lender retains certain rights, including but not limited to, the right to foreclose its lien under appropriate circumstances. The parties agree that the consideration given for this Agreement is the Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of the Borrower's default of its obligations thereunder. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive or reaffirm any personal liability.

☐ 7. **Manufactured homes**: Our loan documents grant a security interest to the Lender in the manufactured home owned by us and described in the loan documents and allow EMC to enforce remedies, including foreclosure or repossession of the manufactured home upon occurrence of a default, including our failure to make payments as agreed under the Note. The manufactured home is located at:

0

☐ 8. **Hud Arrearages**: We understand that this Repayment Agreement may not include HUD arrearages including off scheduled principal. However, we understand that these arrearages will remain as part of our overall debt until paid.

☐ 9. **FHA**: We acknowledge that at no time during the term of this Agreement can the arrearage on on our loan be equal to or greater than 12 months of PITI (Principal, Interest, Taxes, Insurance).

EMC Mortgage Corporation

2

August 15, 2005

**EMC/JDJ 00639**

10. Borrower's Additional Representations and Acknowledgments: This Agreement will be breached if we fail to comply with any terms of this Agreement. We acknowledge and agree to the following:

   a. Our loan is in default and the default continues to exist until we have fully and completely performed all of the terms of this Agreement. Our loan is not considered reinstated until the total delinquency is paid in full.

   b. If the above-referenced payments are not **RECEIVED** on or before each due date, the Lender will continue with any remedies, as outlined in the terms of our loan documents, including but not limited to foreclosure, without further notice or demand. We are aware that any default in this Agreement will lead to a resumption of the foreclosure sale, if such sale is currently pending. If there is a foreclosure sale currently scheduled, the sale will not be canceled (if state law allows for postponement of the sale). The sale will be considered postponed pursuant to mutual agreement of the parties while this Agreement remains in effect. The foreclosure process is only placed on HOLD. **FORECLOSURE WILL NOT RE-START.** If the Borrower defaults under this Agreement, foreclosure proceedings will continue without any additional notice to the Borrower. The foreclosure process will resume from the point prior to the execution of the Agreement.

   c. We acknowledge receipt of all notices required by law. Acceleration and/or foreclosure may continue under the notices of default, acceleration, and/or sale that were previously delivered and/or recorded.

   d. Lender has not waived its right to proceed with the existing acceleration and/or foreclosure by acceptance of partial payments unless and until we make all payments due under this Agreement by the due dates referenced above. In the event that a summons and complaint for foreclosure have been filed, we understand that service of process shall continue notwithstanding the execution of this Agreement. Upon completion of service the Lender will suspend foreclosure activities so long as we comply with all the provisions of this Agreement.

   e. During the term of this Agreement, **we will not have the benefit of a grace period.**

   f. **Negative credit reporting will continue** until all payments due under this Agreement have been paid.

   g. Nothing in this Agreement modifies or nullifies the terms of the Note and Deed of Trust/Mortgage, which shall remain in full force and effect.

   h. All payments shall first be applied towards principal and interest, then to foreclosure fees and cost; then to repayment of escrow deficits and advances, if any; then any fees due (including but not limited to, late charges, nsf fees, fax fees).

**No Waiver:** By executing this Agreement, EMC is not waiving and shall not be deemed to have waived any of our defaults under the loan documents nor any of EMC's rights or remedies against us. Moreover, any waiver by EMC of any breach of this Agreement or the loan documents or any related agreement shall not be deemed a continuing waiver of any other or subsequent breach, whether of the same or any other provision, and shall not in any way impair any of EMC's rights or remedies.

**Time of the Essence:** Time shall be of the essence as to our obligations under this Agreement.

By signing this Agreement dated           January 30, 2006           we acknowledge that we understand the terms and conditions of this Agreement and that we have had an opportunity to review this Agreement with out attorney, if we so desire. Any Attorney fees and costs that we have incurred will be paid by us. We agree that this Agreement contains the entire agreement of the parties relating to this specific act of forbearance, that there are no verbal agreements, and that such forbearance cannot be amended, altered or modified without an agreement in writing executed by us and EMC.

**UNDERSTOOD AND AGREED**


Borrower: **JUN,JAE DONG**                                    Date

Borrower: **TAKAMURA,AKIHITO**                                Date


Sign and fax back to:     **972-402-7358**
Attention:                **Sennora Brown**

**Loan Number:**     0009305137

After sending your down payment by Western Union Quick Collect please enter your Money Transfer Control Number from your receipt on the line.

Money Transfer Control Number: _____

EMC Mortgage Corporation                                                August 15, 2005
                                    4
**EMC/JDJ 00641**

Attn: Sennora Brown

**Time of the Essence:** Time shall be of the essence as to our obligations under this Agreement.

By signing this Agreement dated     January 30, 2006     we acknowledge that we understand the terms and conditions of this Agreement and that we have had an opportunity to review this Agreement with out attorney, if we so desire. Any Attorney fees and costs that we have incurred will be paid by us. We agree that this Agreement contains the entire agreement of the parties relating to this specific act of forbearance, that there are no verbal agreements, and that such forbearance cannot be amended, altered or modified without an agreement in writing executed by us and EMC.

**UNDERSTOOD AND AGREED**

_____          1/30/06
Borrower: JUN, JAE DONG              Date

_____          1/30/06
Borrower: TAKAMURA, AKIHITO          Date

EMC/JDJ 00515